**F I L E D**
CLERK, U.S. DISTRICT COURT

1/14/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RYO _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>IGOR DVORSKY,<br>  aka "Igor Dvorskiy," and<br>OLGA DVORSKY,<br>  aka "Olga Lozutskaya,"<br><br>            Defendants. | No. 2:26-cr-00016-JGB<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)Criminal Forfeiture] |

The United States of America charges:

[18 U.S.C. § 1343]

A.    INTRODUCTORY ALLEGATIONS

1.    At times relevant to this Information:

a.    Defendants IGOR DVORSKY, also known as ("aka") Igor Dvorskiy ("IGOR"), and OLGA DVORSKY, aka Olga Lozutskaya ("OLGA," and collectively with IGOR, "defendants"), were residents of Los Angeles, California.

b.    Defendant OLGA worked for the United States Army Corps of Engineers, a part of the United States Department of Defense, Department of the Army.

c. The Federal Long Term Care Insurance Program ("FLTCIP") was a long-term care insurance available to eligible federal employees, postal service employees, uniformed service members, and their qualified family members. FLTCIP helped pay for long-term care services like home care, assisted living, and nursing home stays. FLTCIP was available to defendants because of defendant OLGA's employment with the government.

d. The Prudential Long-Term Care Insurance Program ("Prudential") offered long-term care insurance to a class of customers beyond federal employees, service members, and their families.

e. The California In-Home Supportive Services Program ("IHSS") was a state program that helped pay for in-home care services for eligible California residents.

B. THE SCHEME TO DEFRAUD

2. Beginning no later than in or around January 2021, and continuing through in or around May 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendants, together with others known and unknown, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud FLTCIP, Prudential, and IHSS as to material matters, and to obtain money and property from FLTCIP, Prudential, and IHSS by means of material false and fraudulent pretenses, representations, and promises.

3. The fraudulent scheme operated, in substance, as follows:

a. Defendants obtained long-term care insurance from FLTCIP through defendant OLGA's employment with the United States government.

2

b.    Defendants obtained additional long-term care insurance from Prudential.

c.    Defendants submitted false claims to FLTCIP and Prudential for in-home caregiver services that were not actually provided and for which defendants were ineligible.  Based on those false claims, defendants received money from FLTCIP and Prudential to which they were not entitled.

i.    For example, between May 11, 2021, and May 9, 2023, defendants submitted false claims to FLTCIP for reimbursement for in-home care provided to defendant OLGA by T.H. in the amount of $39,930.  In fact, as defendants well knew, T.H. (an employee at the school in West Hollywood where defendant IGOR worked as an administrator) never provided any in-home care to defendant OLGA.  In submitting these fraudulent claims to FLTCIP, defendants used T.H.'s name, social security number, and date of birth, among other things, without T.H.'s authorization.

ii.    In another example, on September 10, 2024, defendants submitted claims for reimbursement to FLTCIP for in-home care provided to defendant IGOR by I.K. between September 23, 2023, and October 31, 2023, in the amount of $9,856.  In fact, as defendants well knew, I.K. never provided any in-home care to defendant IGOR during this time period or otherwise.

d.   Defendants also submitted false claims to Prudential for in-home caregiver services and received money from Prudential to which they were not entitled.  For example, on or about October 27, 2022, defendants falsely represented to Prudential that T.H. (an employee at the school in West Hollywood where defendant worked as an administrator) was a caregiver for defendant OLGA, when, in fact, she was not.  Based on this false information, defendants received money from Prudential to which they were not entitled.

e.   As part of the same scheme, defendants obtained authorization from IHSS to be paid for in-home caregiver services that defendants purportedly provided to others.

f.   Defendants also submitted false claims to IHSS for in-home caregiver services that defendants purportedly provided that were never actually provided.  Defendants falsely represented in their claims to IHSS that defendants and members of their family were providing caregiver services to elderly individuals that neither defendants nor their family members did, in fact, provide.  Based on those false claims, defendants received money from IHSS to which they were not entitled.

g.   Defendant IGOR often submitted fraudulent claims to FLTCIP and Prudential via facsimile from a fax machine at the school where defendant IGOR worked as an administrator in West Hollywood, California, to claims processing centers located in other states. Defendants often submitted fraudulent claims to IHSS via its online web portal.

4.   Throughout the course of this scheme, between 2021 and 2025, defendants fraudulently obtained approximately $354,525 from FLTCIP, $153,763.50 from Prudential, and $252,328.89 from IHSS.  In

total, as a result of this scheme, defendants fraudulently obtained approximately $760,617.39.

C.   USE OF INTERSTATE WIRES

5.   On or about May 9, 2023, within the Central District of California, and elsewhere, defendants, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of an FLTCIP claim form by means of wire communication in interstate, namely, from West Hollywood, California, via facsimile, to a FLTCIP processing center in New Hampshire.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in this Information.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court;

//

//

(d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN B. REIDY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KATHY YU
Assistant United States Attorney
Chief of Ethics and Post-
Conviction Review

7